The opinion of the Court was delivered by
Codcock, J.
It is clear, that before the passage of the statute of the 33 of Edw. I.,[1] the king exercised the right to challenge peremptorily as many of the jurors as were supposed not indifferent for him. 1 Chit. Crim Law. 534.
But this power being liable to great abuse, it was by that statute ordained, “ that notwithstanding it be alleged by them that sue for the king, that the jurors of those inquests, or some of them, be not indifferent for the king, yet such inquests shall not remain nntaken for that cause; but if they that sue for the king will challenge any of those jurors, they shall assign of their challenge a cause certain, and the truth of the said *5541 challenge shall be inquired of according to the ^custom of the -* Court; and let it be proceeded to the taking of the same inquisi-ti>ns as it shall be found, if the challenges be true or not, after the dis *707 cretion of the justices. This statute is not made of force by the Act of 1T12. But by the 18th section of the jury law,[1] P. L. 124, 1 Brev. Dig. 448, passed in the year 1731, it is enacted, “that all challenges and exceptions to jurors, shall be allowed and admitted as are allowed and admitted by the laws of Great Britain, except the challenge to the array in respect of partiality, affinity, or consanguinity, of the provost marshal. ” By which it appears that we are to be governed by the law of England, as it stood, after the passage of the statute of Edward ; as the common law right of the crown, to challenge peremptorily, might operate to prevent or delay the trial of an offender, it was the object of the statute of Edward to remedy this evil; but clearly not to take away from the crown the right of challenge altogether. It has therefore been so construed as to secure this right to the accused, and at the same time to reserve to the crown the right of challenge for cause, at the discretion of the judges. In Chit. 1 vol. Crim. Law, it is said, “that it is agreed, that under this statute the crown is not compelled to show any cause of challenge, until the panel is gone through, so that it may appear that there will not be sufficient to try the prisoner, if the peremptory objection is admitted to prevail; and it has also been holden, that if the defendant, in order to oblige the king to show cause, challenge the touts 'paravaile, he must first show all his causes of objection, before the king can be called upon to show the grounds of his challenges. The same doctrine is laid down in 2 Hale P. C. 211; Hawk. 62, c. 43, s. 3 ; 4 Black. Com. 353; 4 Burns, tit.-Jurors; and by a reference to the authorities relied on by these writers, it will appear to have been the settled doctrine for near three hundred years. In 1 Yen. 309, it was so decided, one judge (Wilde,) dissenting; in another case, Sir Thomas Reynolds’ Rep. 414, it was resolved by the whole Court, that the king need not show *his cause of challenge, until the panel were gone through, both of which were in the reign of Charles II. The case quoted and L relied on by the defendant’s counsel, from Moore’s Rep. 595, was anterior to these cases, being determined in the reign of Elizabeth, and in no wise infringes the general doctrine, for the question there, was, whether the king was bound to show a cause of challenge at all, and three of the judges of the King's Bench held, that he was not. They were decidedly ■wrong, and upon the case being sent to the Common Pleas, they all agreed that cause must be shown, but do not say when. The solicitor, then, had a right to challenge, and was not bound to show cause until the panel was exhausted.
Starke, Solicitor, for the motion. Sanford, contra.
The motion is granted.
Richardson, Johnson and Huger, JJ., concurred.
Gantt, J., dissented.
As to mode of forming jury, see 2 HiR, 384; 2 Bail. 33.

 2 Stat. 549.

 3 Stat. 279.